UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DWIGHT CHRISTIANSON HENLINE,<br><br>Defendant. | CASE NO. CR22-69 JHC<br><br>ORDER REGARDING THE<br>PARTIES' MOTIONS IN LIMINE |

This matter comes before the Court on the parties' Motions in Limine. Dkt. ## 64 & 67. The Court has considered the materials submitted by the parties in connection with the motion, pertinent portions of the record, and the applicable law. The Court also held a hearing on the motions on the afternoon of October 26, 2023. Being fully advised, as outlined below, the Court DENIES the Government's motions, and GRANTS in part and DENIES in part Defendant's motions. Also, the Court GRANTS the Government's Motion to File Over-Length Brief, which was not opposed. Dkt. # 69.

**The Government's Motions in Limine, Dkt. # 64.**

1. Other Suspect Evidence: Denied.

2. Impeachment of Deputy Holt: Denied.

**The Defendant's Motions in Limine, Dkt. # 67.**

1. Motion to Exclude Marinkovich testimony.

    a. April 6, 2022 Communications: Denied on the merits. Also, the failure to meet and confer under LCrR 23.2 constitutes an independent basis for denial.

    b. Flat Tire: Denied on the merits. Also, the failure to meet and confer under LCrR 23.2 constitutes an independent basis for denial. The Court will read a limiting instruction to the jury requiring the evidence be considered only for the purposes of considering the defendant's motive, intent, and state of mind. The parties are directed to provide a proposed instruction.

2. Motion to Exclude Prior Statement to Covington.

    a. Threat to burn down the town: Denied.

    b. Speculation that Defendant was sleeping in the alley of 40 Spring Street: Stricken.

    c. March 27, 2022, threats: Denied. The Court will read a limiting instruction to the jury requiring the evidence be considered only for the purposes of considering the defendant's motive, intent, and state of mind. The parties are directed to provide a proposed instruction.

3. Motion to Exclude Propensity for Violence.

    a. Tanner Miller: Denied in part. Miller may testify to observations he made of the defendant and his actions and the statements the defendant made that he witnessed. He may not speculate about the defendant's state of mind.

    b. Joshua Holt: Stricken.

4. Motion to Exclude Irrelevant Testimony from Tappan: Denied. Tappan may testify that defendant did not buy lighter fluid from her previously. Tappan may testify to the defendant's typical manner of interacting while shopping at The Little Store.

5. Motion to Exclude Speculative Testimony about Defendant's Mental Health or State of Mind: Denied in part on the merits. Also, the failure to meet and confer under LCrR 23.2 constitutes an independent basis for denial in part. Germain may

testify to observations he made of the defendant and his actions and the statements the defendant made that he witnessed. He may not speculate as to the defendant's state of mind.

6. Motion to Exclude Testimony Regarding Deputy Holt's Delivery of a Trespass Notice to the Defendant on April 6, 2022: Denied.

7. Motion to Exclude the Fact of the Defendant's Loss of Housing: Denied on the merits. Also, the failure to meet and confer under LCrR 23.2 constitutes an independent basis for denial. The reasons for the loss of housing are not admissible.

8. Motion to Exclude Testimony about the Defendant Losing His Job: Denied.

9. Motion to Exclude or Redact Evidence from the Defendant's Mercury Villager.
    a. Sticker: Stricken.
    b. Ammunition with BIC Lighters: Granted. The parties will prepare a redacted photograph depicting the BIC lighters without ammunition and a limiting instruction will be read to the jury instructing the jury not to speculate about the presence of other items.

10. Motion to Limit Discussion of Evidence Alleged to be Defendant's Found in an Abandoned Car: Denied on the merits. Also, the failure to meet and confer under LCrR 23.2 constitutes an independent basis for denial.

11. Motion to Limit Victim Impact Evidence: Denied.

12. Motion to Allow Defense to Present Alternate Suspects: Granted.

13. Motion to Preclude Testimony About Cell Phone Location Analysis: Denied on the merits. Also, the failure to meet and confer under LCrR 23.2 constitutes an independent basis for denial.

14. Motion to Prevent Agent Greg Heller from Testifying Piecemeal: Granted.

15. Motion to Exclude Expert Witnesses: Denied. Experts from both sides are allowed to remain in the courtroom during other experts' testimony.

Accordingly, the Court DENIES the Government's motions, and GRANTS in part and DENIES in part Defendant's motions. Dkt. ## 64 & 67. Also, the Court GRANTS the Government's Motion to File Over-Length Brief. Dkt. # 69.

DATED this 27th day of October, 2023.

JOHN H. CHUN
United States District Judge

Order Regarding the Parties' Motions in Limine
*United States v. Dwight Christianson Henline*, CR22-69-JHC – 4