JUDGE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>DWIGHT HENLINE,<br><br>　　　　Defendant. | NO. 2:22-CR-69 JHC<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTION |

Dwight Henline, through counsel, David Hammerstad and Joshua Saunders, offers the following proposed jury instruction as an alternative to the "to convict" instruction offered by the government (Government's requested concluding trial instruction #13, Dkt 62 at 33).

The defense agrees to the government's requested instruction, with the exception of the paragraph defining the mens rea "maliciously." The defense proposes the following alternative wording for that paragraph:

DEFENDANT'S PROPOSED JURY INSTRUCTION
(*U.S. v. Henline; 22-69 JHC*)

The Law Office of David Hammerstad, LLC
1000 2nd Avenue, Suite 3140
Seattle, Washington 98104
Tel. 206.445.0215
e-mail: david@hammerstadlaw.com

1

"A person acts "maliciously" if he either intentionally damages or destroys the building or acts with willful disregard of the fact that damage or destruction is likely to result from his acts. A person acts with "willful disregard" if the person is subjectively aware of the likelihood that his actions will damage or destroy the property in question and takes the actions nonetheless."

The case law makes clear that the mens rea "malicious" requires that the defendant be subjectively aware that damage or destruction is the likely result of his actions. The *Togonon v. Garland* decision, which did not address the issue of jury instructions, took as a given that to be convicted under the malicious mens rea standard, the defendant had to be subjectively aware that damage or destruction was the "probable consequence" of his actions. 23 F.4th 876, 879 (9th Cir. 2022), The Eighth Circuit, in *United States v. Lung'Aho,* 72 F.4th 845 (8th Cir. 2023), articulated where "malicious" falls in the taxonomy of *mens rea,* explaining that maliciousness requires the willful disregard of the "likelihood" that the harm will be caused, more than mere recklessness, which requires willful disregard of a "substantial and unjustified" risk, and less than knowledge, which requires "practical certainty." *Id.* at 850.

The defense instruction states the *mens rea* more clearly than the government's proposed instruction, which requires that the defendant act with "willful disregard of the likelihood that damage or destruction would result from his acts." The phrase "of the likelihood" could be interpreted by the jury as any likelihood, be it a small or large likelihood. Also, changing the word "would" to "'will" strengthens the instruction.

| | |
|---|---|
| **DEFENDANT'S PROPOSED JURY INSTRUCTION**<br>(*U.S. v. Henline; 22-69 JHC*) | The Law Office of David Hammerstad, LLC<br>1000 2nd Avenue, Suite 3140<br>Seattle, Washington 98104<br>Tel. 206.445.0215<br>e-mail: david@hammerstadlaw.com |

Moreover, use of the word "risk" in the second sentence proposed by the government: "a person acts with "willful disregard" if the person is subjectively aware of the risk that his actions will damage or destroy the property and takes the actions nonetheless," could again suggest that that the defendant could be convicted if he were aware of any risk, and allow the jury to convict on a showing of a lesser mens rea.  The word "likelihood" is an appropriate substitution for the work "risk."

DATED this 6th day of November, 2023

/s/ David Hammerstad
David Hammerstad #34255
Attorney at Law
Law Office of David Hammerstad, LLC
1000 2nd Ave, Suite 3140
Seattle, WA 98104
(206) 445-0215

**DEFENDANT'S PROPOSED JURY INSTRUCTION**
(*U.S. v. Henline; 22-69 JHC*)

The Law Office of David Hammerstad, LLC
1000 2nd Avenue, Suite 3140
Seattle, Washington 98104
Tel. 206.445.0215
e-mail: david@hammerstadlaw.com