JUDGE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>  vs.<br><br>DWIGHT HENLINE,<br><br>  Defendant. | NO. 2:22-CR-69 JHC<br><br>MOTION TO REOPEN DETENTION HEARING<br><br>*Oral argument requested* |

Dwight Henline, through counsel, David Hammerstad and Joshua Saunders, hereby moves this court to reopen the detention hearing pursuant to 18 U.S.C. §§ 3142 (e) and (f). Mr. Henline is charged with four counts of Arson in violation of 18 U.S.C. § 844(i).

Mr. Henline makes this motion because his release plan has stabilized, both in terms of housing and employment. He also makes this motion because of the recent inability of a jury to reach a verdict in a trial of this case and the information gleaned from discussions with the jury

**DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**
(*U.S. v. Henline; 22-69 JHC*)

The Law Office of David Hammerstad, LLC
1000 2nd Avenue, Suite 3140
Seattle, Washington 98104
Tel. 206.445.0215
e-mail: david@hammerstadlaw.com

1

thereafter. Finally, he so moves because he has been detained since May 04, 2022, and does not have a certain date for a retrial.

The legal authority and factual basis for each ground of the motion is described below.

I. **New information about housing and employment.**

The Bail Reform Act expressly contemplates the review and reassessment of release and detention decisions in light of new information. With respect to defendants who have been detained, the Act stipulates:

> The hearing may be reopened, before or after a determination of the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community

18 U.S.C. § 3142(e).

The Bail Reform Act mandates the release of a person facing trial unless "no condition or combination of conditions…will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(f).  As the Court is well aware, it is directed to order pretrial release subject to the least restrictive conditions that can reasonably assure the accused's return to court and the safety of the community. In this case, electronic monitoring and supervision by the Department of Probation would be enough to reasonably assure the court that Mr. Henline meets the criteria for release.

In this instance, new information about stable housing and employment that was not available to the Court at the previous detention hearing has arisen.

| DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br>(*U.S. v. Henline;* 22-69 JHC) | The Law Office of David Hammerstad, LLC<br>1000 2nd Avenue, Suite 3140<br>Seattle, Washington 98104<br>Tel. 206.445.0215<br>e-mail: david@hammerstadlaw.com |
|---|---|

When Mr. Henline's initial detention hearing was held on May 04, 2022, Mr. Henline's mother, Julie Rutherford, was unable to house him because she was caring for her seriously-ill husband. Her husband has now unfortunately passed away, so she has a bedroom available at her house in Oak Harbor. Ms. Rutherford indicates that there are no firearms or other weapons at the house. She attended Mr. Henline's trial when able and is invested in his welfare and his case. Mr. Henline argues that her house would be suitable for housing if he is released by the Court while the government decides if they intend to try the case again or propose resolution in some other way. Release to his mother's house would also allow Mr. Henline to have contact with his daughter, who he loves deeply and has not been able to see for many months.

Mr. Henline also has employment lined up in the event of release. Prior to his arrest, he was working doing outdoor maintenance at a friend's farm. That friend, Matthew Shea, has indicated that he would employ Mr. Henline again, part-time, doing similar work.

## II. The "weight of the evidence" has changed

A mistrial because of a hung jury was declared in this case on November 16, 2023 (see Dkt. 109) following a trial lasting over two weeks. The government and the defense spoke with some of the jurors for about an hour after the mistrial was declared. That conversation indicated that the split strongly favored the defense. Jurors shared that the final split was 10-2 in favor of acquittal. The jurors also articulated a number of different reasonable doubts about the government's case, at one point saying that they had listed all of their reasonable doubts on a whiteboard and had various jurors supporting distinct reasons.

**DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**  
(*U.S. v. Henline; 22-69 JHC*)

The Law Office of David Hammerstad, LLC  
1000 2nd Avenue, Suite 3140  
Seattle, Washington 98104  
Tel. 206.445.0215  
e-mail: david@hammerstadlaw.com

3

Although case law often indicates that the "weight of the evidence" is the least important variable to consider when assessing detention, there is also authority that suggests that evidence against a defendant that is weak *should* be an important factor in favor of release. In *United States v. Chen*, 820 F. Supp. 1205 (N.D. Cal. 1992), for instance, the court noted that:

> Although the weight of the evidence is the least important of the various factors ... this is only true if the weight of the evidence is used to buttress a decision to detain the defendant. If the evidence . . . is weak, that becomes an important factor favoring release. The determination of pretrial release under § 3142 neither requires or permits a pretrial determination of guilt. The evidence of guilt is relevant only in terms of the likelihood that the defendant will fail to appear.

*Id*. at 1207-08 (internal quotations and citations omitted). *See also United States v. Cardenas*, 784 F.2d 937, 939 (9th Cir. 1986) ("the evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community.")

In *United States v. Blackson*, No. 23-CR-25 (BAH), 2023 U.S. Dist. LEXIS 18988), the court elaborated on its reasoning in reaching a similar conclusion:

> Finally, the weight of the evidence is a common-sense consideration. For instance, if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true. **Alternatively, if the only evidence against a defendant is circumstantial, contradicted, or unreliable, the defendant has less reason to duck court proceedings in the interest of proving his innocence and that evidence does not support viewing the defendant as a risk to the safety of the community.** As such, the weight of the evidence against defendant will be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate.

*Id*. at *29-30 (D.D.C. Feb. 6, 2023) (emphasis added).

**DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**
(**U.S. v. Henline; 22-69 JHC**)

The Law Office of David Hammerstad, LLC
1000 2nd Avenue, Suite 3140
Seattle, Washington 98104
Tel. 206.445.0215
e-mail: david@hammerstadlaw.com

4

A 10-2 split in favor of acquittal, coupled with the specific doubts articulated by the jurors to the government and defense, strongly indicates that the jury considered the evidence to be of insufficient value to support a conviction. A number of specific evidentiary concerns were articulated, suggesting that it would be challenging for the government to cure them all in any subsequent trial.

This information supports the argument that Mr. Henline has little motivation to attempt to evade the court's jurisdiction or to fail to return to court. It also demonstrates that the evidence proffered by the government in this case was insufficient to convince a majority of the jurors that Mr. Henline has committed this dangerous act. Mr. Henline asks this Court to consider the jury's assessment when it considers whether there are measures that could reasonably assure the court of community safety if he were released.

### III. Mr. Henline has been detained for 18 months and his next trial date is uncertain.

Mr. Henline has been detained since May 4, 2022. Dkt. at 11. During that time, he has suffered from the inadequate health care and nutrition at the Federal Detention Center. His next trial date is uncertain and could be many months away.

The jury heard testimony from over forty-five witnesses, perhaps half of whom came from Friday Harbor to testify. Many were civilians. They also heard from a number of experts, including a defense expert. Some government witnesses came from other states. Scheduling a retrial could be both challenging and time-consuming.

| **DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**<br>(*U.S. v. Henline; 22-69 JHC*) | The Law Office of David Hammerstad, LLC<br>1000 2nd Avenue, Suite 3140<br>Seattle, Washington 98104<br>Tel. 206.445.0215<br>e-mail: david@hammerstadlaw.com |
|---|---|

The prolonged incarceration of a person presumed innocent, absent a set bail, may violate due process. Each situation is evaluated on a case-by-case basis. In order to determine if the incarceration violates due process, the court must analyze three prongs, which are: (1) the duration of custody; (2) the government's or court's responsibility for the delay; and (3) **the strength of the evidence on which detention was based**. *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993) (emphasis added); *United States v. Infelise*, 934 F.2d 103, 104-05 (7th Cir. 1991) (one-and-one-half year delay for defense trial preparation not a violation of due process); *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988).

Courts also focus on the amount of time a defendant is likely to spend in detention in the future, as well as the length of detention that has already occurred. See *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989) (case remanded for failure to consider, in addition to length of detention at time of ruling, the non-speculative nature of future detention and the complexity of the case); *United States v. Khashoggi*, 717 F. Supp. 1048, 1051 (S.D.N.Y. 1989) (prospect of protracted pretrial proceedings weighs against detention).

The length of time that Mr. Henline has spent detained and the uncertain amount of time before a retrial is a factor that supports release.

### IV. Conclusion

For the reasons discussed above, Mr. Henline requests that the Court reopen his detention hearing and release him.

| DEFENDANT'S MOTION TO REOPEN DETENTION HEARING<br>(*U.S. v. Henline; 22-69 JHC*) | The Law Office of David Hammerstad, LLC<br>1000 2nd Avenue, Suite 3140<br>Seattle, Washington 98104<br>Tel. 206.445.0215<br>e-mail: david@hammerstadlaw.com |
|---|---|

DATED this 22nd day of November, 2023

    /s/ Joshua Saunders____
    Joshua Saunders #50510
    Law Office of Joshua R. Saunders
    533 MLK Jr Way S
    Seattle, WA 98144
    jrsaunderslaw@gmail.com

## CERTIFICATE OF SERVICE

I, Joshua Saunders, hereby certify that on November 22, 2023, I electronically filed the foregoing *Motion to Reopen Detention Hearing* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the Government.

    /s/ Joshua Saunders____
    Joshua Saunders #50510
    Law Office of Joshua R. Saunders
    533 MLK Jr Way S
    Seattle, WA 98144
    Tel: (253) 245-3553
    jrsaunderslaw@gmail.com

**DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**
(*U.S. v. Henline; 22-69 JHC*)

**The Law Office of David Hammerstad, LLC**
1000 2nd Avenue, Suite 3140
Seattle, Washington 98104
Tel. 206.445.0215
e-mail: david@hammerstadlaw.com

7